**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

             Plaintiff,                     Case No. 87-CR-80933-11

v.                                    Hon. Gerald E. Rosen

MARSHALL GLENN,

             Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____July 12, 2011_____

PRESENT:  Honorable Gerald E. Rosen
                         Chief Judge, United States District Court

By *pro se* motion, as supplemented by a pair of memoranda filed by court-appointed counsel, Defendant Marshall Glenn seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), citing the recent amendments to the United States Sentencing Guidelines pertaining to crack cocaine offenses. At a hearing on this motion held in October of 2009, defense counsel was directed to review the transcripts of Defendant's 1988 trial before then-District Judge Richard F. Suhrheinrich, in order to identify the testimony relevant to ascertaining the precise nature and extent of Defendant's

involvement in the large-scale Chambers Brothers drug conspiracy.[1]

Upon completing this review, defense counsel has filed a February 22, 2010 supplemental memorandum in further support of Defendant's motion, arguing that a sentence reduction is warranted in light of Defendant's purportedly limited involvement in the conspiracy. As discussed below, the Court finds that Defendant has established his threshold eligibility for relief under 18 U.S.C. § 3582(c). Nonetheless, the Court concludes, in its discretion and upon consideration of the pertinent factors, that a reduction in Defendant's sentence is not warranted.

## I. BACKGROUND

In a 1988 trial, Defendant was convicted of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, but the Government voluntarily dismissed a second charge of possession with intent to distribute cocaine. In March of 1989, Judge Suhrheinrich sentenced Defendant to a 360-month term of imprisonment. This sentence fell near the high end of a Sentencing Guidelines range of 292 to 365 months, which was derived from a base offense level of 36, a three-level upward adjustment for Defendant's supervisory role in the charged conspiracy offense, and a

---

[1] Judge Suhrheinrich now sits on the Sixth Circuit Court of Appeals, and the undersigned District Judge has presided over this case for the past 20 years, a time span that has encompassed several resentencing proceedings, countless post-judgment motions brought by many of the defendants seeking relief from their convictions and/or sentences, and the trial of one defendant, William Jackson. It is fair to say, then, that this Court is quite familiar with the overall nature and scope of the activities carried out by the Chambers Brothers drug organization, which the Court has elsewhere described as "among the very biggest drug rings this district has seen." *United States v. Chambers,* No. 87-80933, 2009 WL 1620423, at *1 (E.D. Mich. June 9, 2009) (internal quotation marks and citation omitted).

criminal history category of II.  The base offense level of 36, in turn, was based on drug

quantities of (i) cocaine base in excess of one kilogram, and (ii) powder cocaine in excess

of five kilograms.

These drug quantities are cited at two points in Defendant's presentence report as

purchased and/or distributed by the Chambers Brothers organization during the course of

the charged conspiracy.  (*See* 12/14/1988 Presentence Report at ¶¶ 13, 48.)  Apart from

these two brief references, however, the presentence report does not identify any specific

activities engaged in by Defendant that involved any particular quantities of cocaine or

cocaine base.  In addition, while Defendant's trial counsel argued at sentencing that the

presentence report overstated the level of Defendant's involvement in the charged

conspiracy, Judge Suhrheinrich made no specific finding that it was appropriate to hold

Defendant responsible for the totality of the drug quantities distributed by the Chambers

Brothers organization, but instead concluded more generally that the Sentencing

Guidelines calculation in the presentence report was "correct."  (3/24/1989 Sentencing

Hearing Tr. at 5.)[2]  Based on the findings at sentencing, Defendant was sentenced to 360-

month term of imprisonment, and he now seeks a reduction in this sentence as based on a

sentencing range that has subsequently been lowered by the recent amendments to the

---

[2]Defendant's trial counsel also challenged the three-level adjustment for Defendant's
supervisory role, but Judge Suhrheinrich found that this adjustment was appropriate, in light of
the evidence at trial that Defendant had recruited at least one individual to travel from Marianna,
Arkansas to Michigan and join the Chambers Brothers organization, and that he was "involved
in supervising" one of the crack houses operated by the organization.  (*Id.*)

Sentencing Guidelines governing crack cocaine offenses.

## II. ANALYSIS

In support of the present motion, Defendant and his court-appointed counsel argue that he is entitled to the sentence reduction that would result from applying the recent crack cocaine amendments to the lower bound of the drug quantity ranges set forth in Defendant's presentence report and relied upon by Judge Suhrheinrich in determining his sentence.  As noted above, these quantities — *i.e.,* amounts in excess of one kilogram of crack cocaine and five kilograms of powder cocaine — yielded a base offense level of 36.  If this base offense level were reduced by two (as called for under the recent amendments to the Sentencing Guidelines for crack cocaine offenses) and then increased by three (in light of Defendant's supervisory role in the drug conspiracy, as found by Judge Suhrheinrich), the resulting Sentencing Guideline range would be 235 to 293 months, and even the higher end of this range is considerably lower than Defendant's current 360-month sentence.[3]

Yet, in determining Defendant's eligibility for a sentencing reduction under 18 U.S.C. § 3582(c), the Court is not necessarily constrained to use the lower bound of the "in excess of" drug quantity figures set forth in Defendant's presentence report.  At the time of Defendant's sentencing, a quantity of cocaine base in excess of 500 grams was

---

[3]By defense counsel's calculation, Defendant has served roughly 280 months of this sentence, and thus would be eligible for release fairly soon even if the Court resentenced him at the upper end of the revised 235-to-293-month sentencing range.

4

sufficient to trigger the maximum base offense level of 36, so there was no need for

Judge Suhrheinrich to determine whether Defendant was responsible for a drug quantity

exceeding the one kilogram of cocaine base cited in the presentence report. *See United

States v. Jackson,* No. 87-80933, 2009 WL 1856565, at *1 (E.D. Mich. June 25, 2009)

(noting the varying quantities of cocaine base that have triggered base offense levels of

36 or more over the years since 1988). Nonetheless, as this Court has observed in ruling

on the motions for sentence reductions brought by other co-defendants in the Chambers

Brothers case, there certainly was an evidentiary basis for concluding that at least some

of these individuals were responsible for far greater drug quantities that would continue

to trigger the highest base offense level (38) under the current Sentencing Guidelines.

*See, e.g., United States v. Gant,* No. 87-80933, 2010 WL 4643083, at *2 n.1 (E.D. Mich.

Nov. 9, 2010) (noting the basis for charging defendant Gant with responsibility for up to

15 kilograms of crack cocaine); *Jackson,* 2009 WL 1856565, at *1 (citing the finding in

defendant Jackson's presentence report that his offense involved 5 kilograms of cocaine

base). Thus, it is not inevitable that Defendant's entitlement to relief must be determined

by reference to the lower-bound figures set forth in his presentence report — *i.e.,* one

kilogram of crack cocaine and five kilograms of powder cocaine — so long as there is an

evidentiary basis upon which Judge Suhrheinrich could have concluded that Defendant

was responsible for greater quantities of cocaine and cocaine base. *See United States v.

Moore,* 582 F.3d 641, 645-46 & n.2 (6th Cir. 2009) (holding that the decision whether to

order a sentence reduction under § 3582(c)(2) must be "based on the information that was available at the time of sentencing").

Upon review of the trial transcripts, however, Defendant and his counsel argue that there is no such evidentiary basis for holding Defendant responsible for the greater quantities of drugs trafficked by the Chambers Brothers organization during the entire time frame of the conspiracy. First and foremost, while the charged conspiracy spanned from 1983 to February of 1988, Defendant views the evidence at trial as establishing that he did not join the conspiracy until 1987. In addition, while one witness at trial, Terry Colbert, testified that he observed Defendant at one of the Chambers Brothers crack houses on a regular basis, and that he saw Defendant drop off drugs or pick up money at another of the houses on more than one occasion, Colbert later recanted his trial testimony at a hearing on several of the defendants' motion for a new trial, claiming that Defendant played a far more limited role. Finally, Defendant states that the testimony at trial established that he brought only one individual, James McKinney, up from Arkansas to participate in the Chambers Brothers drug trafficking operation, and that McKinney identified other individuals, and not Defendant, as responsible for dropping off drugs and picking up money from the crack house where McKinney worked.

Based on this record, Defendant argues that the drug quantities in the presentence report overstate, rather than understate, the extent of his involvement in the charged drug trafficking conspiracy. Defendant further asserts that because his role in bringing at least

one other individual into the conspiracy is already accounted for in the three-level enhancement for his supervisory role, this consideration should play no part in the Court's decision whether to reduce his sentence. Accordingly, Defendant contends that he is eligible for a sentence reduction under § 3582(c), and he urges the Court to impose a sentence within the reduced range of 235 to 293 months that results from the application of the crack cocaine amendments to the Sentencing Guidelines.[4]

The Government has not filed a response to Defendant's supplemental submission following defense counsel's review of the trial record. Nonetheless, in its earlier response to Defendant's initial motion, and in its argument at the October 2009 hearing on this motion, the Government has identified two grounds for denying sentencing relief under § 3582(c). First, the Government points to the unprecedented size and scope of the Chambers Brothers drug trafficking enterprise, a factor this Court has cited in denying § 3582(c) motions brought by other defendants in this case. *See, e.g., Jackson,* 2009 WL

---

[4]By way of comparison, Defendant notes that other "lieutenants" in the Chambers Brothers organization, such as Otis Chambers, Jerry Lee Gant, and William Jackson, received sentences equal to or less than Defendant's current 360-month sentence. In Defendant's view, the trial record shows that he joined the conspiracy later and played a lesser role than these co-defendants. In addition, co-defendant Billy Joe Chambers, for whom Defendant allegedly worked in the Chambers Brothers organization, received a 325-month sentence. While this discrepancy is largely due to unique factors — Billy Joe Chambers received the benefit of resentencing under a more favorable version of the Sentencing Guidelines that was in effect when his drug conspiracy offense was vacated on double jeopardy grounds and he was resentenced only for a continuing criminal enterprise offense — Defendant nonetheless contends that this comparison with a more culpable co-defendant supports an award of sentencing relief.

7

1856565, at *1.[5]  Next, the Government notes that Defendant "has accumulated an
extensive list of citations for misconduct" while in custody, (*see* Gov't Response at ¶ 6),[6]
and this is a factor the Court may consider in exercising its discretion to grant or deny a
sentence reduction.  *See, e.g., United States v. Monday,* No. 08-2554, 390 F. App'x 550,
554-55 (6th Cir. Aug. 10, 2010).  Thus, while the Government acknowledges that
Defendant may be eligible for relief under § 3582(c) in light of the absence of a drug
quantity finding by Judge Suhrheinrich that would preclude this relief, it urges the Court
to "exercise its discretion and deny [D]efendant any sentence reduction."  (Gov't
Response at ¶ 5.)

Upon considering the parties' arguments and the record in light of the factors that
govern the discretionary decision whether to grant sentencing relief under § 3582(c), *see*
*United States v. Curry,* 606 F.3d 323, 330 (6th Cir. 2010), the Court declines to reduce
Defendant's sentence.  First and foremost, the seriousness of Defendant's offense
militates strongly against a grant of relief.  As recounted in the presentence report, and as
Judge Suhrheinrich determined at sentencing, Defendant was a so-called "Level Two"
participant in the Chambers Brothers drug trafficking organization who "recruited

---

[5]The Court also relied in part on this consideration in denying the requests for sentencing relief brought by Billy Joe Chambers, Larry Chambers, Otis Chambers, and Eric Wilkins.

[6]In response, Defendant notes that most of these incidents occurred in the early 1990s when he "was a young man starting the service of a 30-year sentence," and that he has been incident-free since 2004, with the more recent incidents not involving violence or assaultive behavior but instead "involv[ing] possession and use of marijuana."  (Defendant's Suppl. Br. at 6.)

youngsters from Marian[n]a, Arkansas and placed them in crack houses in Detroit," and who supervised the operations at one or more crack houses along with other "trusted lieutenants" in the organization. (12/14/1988 Presentence Report at ¶ 22.) While Defendant perhaps was not involved in the conspiracy for as long as some other co-defendants, he was still a key participant, and not a minor role-player, in a large-scale drug trafficking enterprise that, even today, ranks among the biggest drug rings ever seen in this District. This substantial level of participation in a massive drug conspiracy warrants a sentence comparable to the terms of imprisonment imposed upon other lieutenants in the Chambers Brothers organization.[7]

The Court's denial of relief also rests in part upon Defendant's post-sentencing conduct. As the Government points out, Defendant "has accumulated an extensive list of citations for misconduct" while in custody, (Gov't Response at ¶ 6), some of which involved threats of violence, and the most recent of which involved the possession and use of illegal drugs. As the Government points out, this record compiled "while in prison on a drug trafficking conviction" is suggestive of Defendant's "intransigence and unwillingness to conform to the behavior expected of him." (*Id.*) The Court views this

---

[7]By way of comparison, two other "Level Two" participants, William Jackson and Jerry Lee Gant, are also serving 360-month sentences, and the Court has denied the motions for § 3582(c)(2) relief brought by each of these two co-defendants. The Court acknowledges Defendant's point that a "Level One" participant, Billy Joe Chambers, received a lesser 325-month sentence, but the Court has previously explained that this was a product of a more favorable "continuing criminal enterprise" guideline that was in effect at the time of Defendant Chambers' 1992 resentencing. *See Chambers,* 2009 WL 1620423, at *1 & n.2.

record as giving rise to a real and substantial risk of danger to the community and a resumption of unlawful activity if Defendant's sentence were reduced, thereby rendering him eligible for release in the immediate future.

This record of prison infractions, then, provides an additional basis for denying relief under § 3582(c)(2).  Accordingly, upon considering this and the other pertinent factors, the Court declines to reduce Defendant's sentence.

### III. <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's November 17, 2008 motion for reduction of sentence (docket #1466) is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  July 12, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager